**Gregorio Lopez VASQUEZ, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–75009.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2008.*

Filed June 18, 2008.

Gregorio Lopez Vasquez, Orange, CA, pro se.

---

* The panel unanimously finds this case suitable for *decision without oral argument. See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, BERZON and M. SMITH, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") decision denying petitioner's motion to reconsider the denial of petitioner's motion to reopen. We review the denial of a motion to reopen for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002).

On January 31, 2006, petitioner's motion to reopen to apply for relief under the Convention Against Torture was denied. Petitioner then filed a second motion titled a motion to reopen on October 19, 2006. Petitioner's October 19, 2006 motion was identical in form and content to the January 12, 2006 motion. As such, the BIA construed the October 19, 2006 motion to reopen as a motion to reconsider the denial of the January 12, 2006 motion. The BIA denied petitioner's motion to reconsider on November 30, 2007 and this petition followed.

Where a petitioner improperly titles a motion to reopen or reconsider, the BIA

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

should construe the motion based on its underlying purpose. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir.2005). Here, the BIA properly construed petitioner's motion to reopen as a motion to reconsider the January 31, 2006 order. *See id.*; 8 C.F.R. § 1003.23(b)(2).

The applicable regulations provide that a motion to reconsider "must be filed with the Board within 30 days after the mailing of the Board decision...." *See* 8 C.F.R. § 1003.2(b)(2). The BIA did not abuse its discretion in denying petitioner's motion for reconsideration as time barred. *See id.*; 8 U.S.C. § 1229a(c)(6)(B).

The regulations further provide that a motion to reconsider must state the reasons for the motion by specifying the errors of fact or law in the prior decision. *See* 8 C.F.R. § 1003.23(b)(2). The BIA did not abuse its discretion in denying petitioner's motion for the further reason that the motion was insufficient to establish that reconsideration of the denial of the motion to reopen was warranted. *See id.*

Accordingly, respondent's motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**